The American Railroad Company of Porto Rico *v.* Quiñones.

Apelación procedente de la Corte de Distrito de Mayagüez.

No. 775.—Resuelto en junio 27, 1912.

Expropiación Forzosa—Razonable Indemnización—Daños y Perjuicios.—
Examinada la prueba en el caso de autos este tribunal resolvió que la corte inferior procedió con manifiesto error en la apreciación de las pruebas al estimar que el demandante no ha sufrido daños de clase alguna por la expropiación del terreno para la compañía demandada, y que al no concederle una remuneración por los daños y perjuicios que se le ocasionaron con la

privación de su propiedad, infringió el artículo 355 del Código Civil y la ley sobre expropiación forzosa de marzo 12, 1908.

Id.—Compensación de Daños y Perjuicios—Beneficios Resultantes de la Instalación de un Ferrocarril.—El dueño de un terreno a quien se le expropia una faja del mismo, no puede considerarse compensado de los daños y perjuicios causados con la privación de su propiedad, con los beneficios que pueda reportarle el incremento del valor de sus terrenos por la instalación de una vía de un ferrocarril a través de los mismos, pues tales beneficios nunca serían exclusivos para el dueño del terreno, sino comunes a todos los propietarios del distrito en que radique la finca.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Benito Forés.*

Abogados del apelado: *Sres. Fernando Vázquez y N. B. K. Pettingil.*

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

En juicio seguido ante la Corte de Distrito del Distrito Judicial de Mayagüez por The American Railroad Company of Porto Rico contra José Vicente Quiñones, sobre expropiación de una faja de terreno con extensión de 2,844 metros 40 centímetros cuadrados de superficie, para la construcción de un ramal de la línea de ferrocarril que aquella compañía explota entre las ciudades de San Juan y Ponce, y cuyo ramal había de ser destinado al servicio público desde un punto de la línea principal entre las estaciones de San Germán y Hormigueros, con dirección hacia el este, hasta otro punto en o cerca del banco oeste del río Estero del pueblo de Sabana Grande, esta Corte Suprema, al resolver el recurso de apelación interpuesto por la parte demandada contra la que dictara la corte inferior en 10 de agosto de 1910, decidió dicho recurso por la suya de marzo 10 de 1911, confirmando la apelada en cuanto por ella se declara expropiado al demandado de la faja de terreno de que se trata y revocándola en cuanto por ella se decide que el demandado sólo perciba de la demandante la suma de $75, pues ese pronunciamiento debía entenderse redactado así:

"Se falla, decreta y ordena, además, que la demandante The American Railroad Company of Porto Rico satisfaga al demandado Vi-

cente Quiñones la suma de 75 dollars, que es el precio que se fija en la demanda a dicha faja de terreno, y al cual debe sujetarse la corte, y aquella otra suma de dinero que fije la corte mediante prueba que se practicará en una de las próximas sesiones, de acuerdo con la ley, como la justa compensación por los daños y perjuicios que sufra el demandado a consecuencia de la expropiación, todo sin especial condenación de costas.''

De acuerdo con la expresada sentencia fueron oídas las partes para fijar la cantidad de dinero que debía percibir el demandado por justa compensación por los daños y perjuicios que hubiera sufrido a consecuencia de la expropiación, y ambas partes presentaron evidencia documental y testifical, habiéndose practicado además por la corte la inspección personal del terreno.

Apreciadas todas las pruebas, la corte llegó a las siguientes conclusiones que transcribimos a continuación:

''Que por el hecho de atravesar el ferrocarril por terrenos que fueron de la hacienda del demandado Quiñones, éste no ha quedado impedido de continuar la molienda en su referida factoría, si así hubiese querido hacerlo. Que la maquinaria de dicha hacienda es de fabricar azúcar moscabada, de sistema bastante antiguo, y que ya era usada en el año 1881, cuando se instaló dicha factoría. Que si la maquinaria está en el mal estado en que se encuentra por haberse dejado de usar desde que el ferrocarril tendía por allí sus vías, de esto no puede hacerse en manera alguna responsable a la demandante; habiendo dependido de la voluntad del demandado y de sus colonos el moler o no moler cañas allí. Que los colonos que antes molían allí sus cañas, lo hacen hoy, por convenir a sus intereses, en la Guánica Centrale, aprovechando las ventajas que les presta el ramal de ferrocarril existente. Que de esta libre determinación de los colones no puede derivarse ninguna responsabilidad contra la demandante y a favor del demandado Sr. Quiñones. Que por el contrario, si el Sr. Quiñones hubiese puesto su factoría *a la fecha,* seguramente que con la facilidad de transporte que brinda el ramal de ferrocarril, sus colonos, y por consecuencia, sus beneficios, hubiesen aumentado en gran cantidad.

''De la misma prueba del demandado aparece que los terrenos de la hacienda referida han aumentado en valor. El testigo del demandado Sr. Pedro Viadé declaró en la vista: 'que el ramal del ferrocarril

ha dividido la finca del demandado en dos fracciones y que la más pequeña de ellas (el cuchillo nombrado) tiene proximamente *dos cuerdas* y vale, ese cuchillo, la suma de trescientos dollars': a $150 cada cuerda.

"Con esos datos y calculando que el terreno expropiado comprenda una cuerda, siendo la finca de nueve, todavía valen las ocho restantes, o sea la finca actual $1,200, o por lo menos, de novecientos a mil dollars, tomando en cuenta que pueda haber en ella terrenos de clase inferior.

"La evidencia del demandado Quiñones tendió a probar que el terreno de la hacienda, antes de la expropiación, valia de novecientos a mil dollars.

"La corte ha quedado convencida de que la parcela de dos cuerdas (el cuchillo) se puede sembrar todo de caña, si se quiere."

En vista de las conclusiones que dejamos transcritas la corte de Mayagüez dictó sentencia en 29 de agosto de 1911, por la que declara que el demandado José Vicente Quiñones no ha sufrido daños de ninguna clase, y en su consecuencia que dicho demandado nada recobre de la compañía demandante por concepto de daños y perjuicios, sin especial condena de costas, contra cuya sentencia interpuso Quiñones recurso de apelación para ante esta Corte Suprema.

Alega la parte apelante que la sentencia recurrida es contraria a la ley y debe revocarse por los siguientes motivos:

"A. Porque fué dictada incurriendo el juez en manifiesto error y demostrando marcada pasión y parcialidad al apreciar las pruebas practicadas.

"B. Porque infrinje la doctrina de la justa y razonable indemnización que debe acordarse a todo propietario expropiado, de conformidad con el artículo 355 del Código Civil.

"C. Porque no acata y cumple la ejecutoria de esta Corte Suprema de marzo 10 de 1911.

"D. Porque además de violar el precepto de la Ley de Expropiación Forzosa, no aprecia la de policía de ferrocarriles en esta Isla."

En cuanto al primer motivo del recurso, opinamos que las conclusiones de hecho a que llegó la corte inferior para pronunciar la sentencia recurrida no justifican dicha sentencia, si se consideran en relación con el resultado de todas las pruebas practicadas en el juicio.

Hemos examinado las pruebas y ellas nos demuestran que la faja de terreno de que ha sido expropiado Quiñones es llana y de los mejores terrenos de su hacienda; que el ramal del ferrocarril de la American Railroad Company of Porto Rico que atraviesa dicha hacienda, la que tiene cabida de unas nueve cuerdas, divide ésta en dos porciones, una de dos cuerdas a un lado, y otra de siete cuerdas a otro lado; que se hace difícil, aunque no imposible, el cultivo de la pequeña porción en uno de sus extremos por la estrechez a que por allí queda reducida con motivo del paso del ramal; que los terrenos inmediatos a uno y otro lado de la vía ofrecen el peligro de quemarse las siembras por las chispas que arroje la máquina del ferrocarril, privando por tanto a Quiñones de levantar en esas inmediaciones establecimientos de madera o de colocar materias combustibles, y que el ferrocarril pasa a distancia de unas 19 a 20 metros de la casa y establecimientos de la hacienda con los inconvenientes, que no todas son ventajas, del paso próximo de un ferrocarril.

Esos hechos nos convencen de que Quiñones ha sufrido daños y perjuicios con la privación de la parcela de terrenos de que ha sido expropiado.

Esos daños y perjuicios pueden fijarse en la suma de trescientos dollars, y para tal apreciación nos suministran fundamento las declaraciones de los testigos Juan Quiñones Mayoral que los estima en trescientos o cuatrocientos dollars y Jaime Montalvo, quien lo secunda.

Y viene a corroborar nuestra apreciación la misma parte demandante al consignar en el hecho noveno de su demanda la siguiente alegación:

"Que el valor de la propiedad que se debe expropiar es setenta y cinco dollars ($75), que la corte en el primer juicio fijó el valor de dicha porción de terreno y todos los daños y perjuicios del demandado en trescientos dollars ($300), y que su peticionaria tiene ahora en depósito a las ordenes de esta honorable corte la cantidad de tresciento dollars, digo trescientos setenta y cinco dollars ($375), y ade-

más una fianza por cinco mil dollars, para cubrir el valor de dichos terrenos y cualesquiera daños que pudiera sufrir el demandado."

No puede estimarse Quiñones compensado de los daños y perjuicios con los beneficios que aun con el mayor valor de sus terrenos haya podido reportarle el ramal de que se trata, pues esos beneficios nunca serán exclusivos para él, sino comunes a todos los propietarios del distrito en que él vive.

Opinamos que el juez procedió con manifiesto error en la apreciación de las pruebas al estimar que José Vicente Quiñones no ha sufrido daños de clase alguna, y que al no conceder a Quiñones una remuneración por los daños y perjuicios que se le ocasionaron con la privación de su propiedad, infringió el artículo 355 del Código Civil y la Ley sobre Expropiación Forzosa, aprobada en 12 de marzo de 1908.

Procede revocar la sentencia apelada y condenar a la American Railroad Company of Porto Rico a indemnizar a José Vicente Quiñones con la suma de trescientos dollars, en concepto de remuneración por los daños y perjuicios que ha sufrido con motivo de la expropiación de la parcela de terreno de que ha sido privado, sin especial condena de costas.

*Revocada.*

Jueces concurrentes: Sres. Asociados MacLeary, Wolf, del Toro y Aldrey.